Citation Nr: 1536774 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 12-19 772 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas 


THE ISSUES

1. Entitlement to service connection for a heart disability to include as secondary to inservice herbicide exposure. 

2. Entitlement to service connection for hypertension to include as secondary to inservice herbicide exposure and as secondary to service-connected diabetes mellitus (DM). 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARINGS ON APPEAL

Veteran



ATTORNEY FOR THE BOARD

J. Connolly, Counsel


INTRODUCTION

The Veteran served on active duty from June 1963 to March 1967. The RO determined that the Veteran had service in the Republic of Vietnam.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

In July 2013, the Veteran testified before the undersigned via video conference from the RO. The case was remanded by the Board in January 2015 to the Agency of Original Jurisdiction (AOJ) for additional development. It has since been returned to the Board for appellate consideration.

On remand, service connection for diabetes mellitus, type II, another issue that had been on appeal to the Board, was granted by the AOJ. See June 2015 rating decision.

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Pursuant to the Board's January 2015 remand, the Veteran was afforded a VA examination in February 2015. With regard to heart disability, the February 2015 VA examination and opinion concluded that the Veteran does not have a history of or current diagnosis of a heart disability. However, a June 5, 2013 echocardiogram showed that the Veteran had an old anterior infarct and a July 15, 2014 echocardiogram stated consider old anterior infarct. The VA examination made no referenced to these findings and noted that the Veteran did not complete an electrocardiogram. Although the Veteran testified that he did not believe that he had a heart disability, the Board finds that further cardiac testing is warranted in order to resolve whether the Veteran has ischemic heart disease based on the findings on the echocardiograms as well as the fact that the echocardiograms consistently reflected abnormal findings.

With regard to hypertension, the VA examiner opined that it was less likely than not proximately due to or the result of the Veteran's service-connected condition (DM) because the Veteran was taking Losartan, there was no record or documentation of worsening or aggravation by DM, and there was no evidence of diabetic renal disease. The Board notes that no rationale was provided for the opinion that hypertension is not due to the DM and the opinion also implied that if DM aggravated the hypertension, this would be shown by a findings of diabetic renal disease. The Board further notes that in March 2013, a bilateral ankle-brachial index examination with segmental pressures and Doppler waveforms was performed. One of the findings was non-compliant atherosclerotic arteries. Thus, it is unclear if the DM is causing atherosclerosis causing in turn hypertension. Thus, another opinion is necessary once this matter is resolved on the VA heart examination.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a heart and hypertension examination. Any indicated tests, including echocardiogram and electrocardiogram as well as any other indicated testing, should be accomplished. The examiner should review the record prior to examination. The examiner should determine if the Veteran suffered a myocardial infarct with commentary on the June 5, 2013 echocardiogram (showing an old anterior infarct) and July 15, 2014 echocardiogram (noting the possibility of old anterior infarct). The examiner should indicate if the Veteran has ischemic heart disease, such as a myocardial infarction. 

The examiner should provide an opinion as to whether it is more likely than not, less likely than not, or at least as likely as not, that hypertension is proximately due to, or the result of, the service-connected DM and whether it is more likely than not, less likely than not, or at least as likely as not, that hypertension is permanently aggravated by the Veteran's service-connected DM. The examiner should consider if the DM has caused/aggravated atherosclerosis which in turn has caused/aggravated the hypertension. In that regard, the examiner should consider that in March 2013, a bilateral ankle-brachial index examination with segmental pressures and Doppler waveforms was performed which revealed non-compliant atherosclerotic arteries.

The examiner should provide a complete rationale for all opinions expressed and conclusions reached. 

2. Review the medical opinion(s) obtained above to ensure that the remand directives have been accomplished. If all questions posed are not answered or sufficiently answered, return the case to the examiner for completion of the inquiry.

3. Readjudicate the claims on appeal in light of all of the evidence of record. If any issue remains denied, the Veteran should be provided with a supplemental statement of the case as to any issue remaining on appeal, and afforded a reasonable period of time within which to respond thereto. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).